UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| **FRED ENTZMINGER**, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND JURY DEMAND** |
| | ) |
| vs. | ) |
| | ) |
| **CAVALRY PORTFOLIO SERVICES, LLC** and **CAVALRY SPV I, LLC**, | ) |
| | ) |
| Defendants. | ) |

**NATURE OF ACTION**

1. This is an action brought pursuant to the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

**PARTIES**

4. Plaintiff Fred Entzminger ("Plaintiff") is a natural person who at all relevant

COMPLAINT - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

times resided in the State of Washington, County of Thurston, and City of Lacey.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Cavalry Portfolio Services, LLC ("Cavalry") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Cavalry is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Cavalry SPV I, LLC ("SPV") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. SPV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Cavalry.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Cavalry, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, an HSBC Bank personal credit card (the "Debt").

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Cavalry.

13. Cavalry uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due,

COMPLAINT - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

another.

14.     SPV purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

15.     SPV acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due, a creditor, when the debt was in default.

16.     SPV is thoroughly enmeshed in the debt collection business, and SPV is a significant participant in Cavalry's debt collection process.

17.     Prior to October 2012, Cavalry, itself and on behalf of SPV, began attempting to collect the Debt from Plaintiff.

18.     Plaintiff, via his counsel, sent Cavalry written communication dated October 25, 2012, and in such communication, stated in relevant part:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them.

(*See* October 25, 2012 Correspondence, attached as Exhibit A).

19.     Cavalry received Plaintiff's notice of representation letter on November 5, 2012 at 11:30 A.M.  (*See* USPS Delivery Confirmation, attached as Exhibit B).

20.     Despite its knowledge that Plaintiff was represented by counsel, Cavalry, itself and on behalf of SPV, by and through its agent and/or employee "Summer Joiner" ("Ms. Joiner"), placed a call to Plaintiff's residence on November 6, 2012 at 3:53 P.M.

21.     During the November 6, 2012 conversation, Ms. Joiner provided the address of Plaintiff's attorney as Plaintiff's address on file.

COMPLAINT - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

22. During the November 6, 2012 conversation, Plaintiff told Ms. Joiner that the address on file was his attorney's address, and Cavalry should contact his attorney for any further information.

23. During the November 6, 2012 conversation, Ms. Joiner told Plaintiff that Cavalry's attorneys would not accept any "low offers" to settle the Debt, and Plaintiff could be sued if his offers to settle the Debt were not accepted.

24. During the November 6, 2012 conversation, Plaintiff again told Ms. Joiner that Cavalry should contact his attorney.

25. Upon information and good-faith belief, Ms. Joiner had no specific knowledge whether any attorneys with Cavalry were involved in the collection of Plaintiff's Debt as of November 6, 2012.

26. Upon information and good-faith belief, Ms. Joiner had no specific knowledge as to whether Plaintiff could or would be sued at the time she made such statements to Plaintiff during the November 6, 2012 conversation.

27. Upon information and good-faith belief, Ms. Joiner made the statements to Plaintiff in the November 6, 2012 conversation for the purpose of intimidating Plaintiff into foregoing the rights provided by his attorney-client relationship and to coax Plaintiff into paying the Debt directly to Cavalry.

28. Plaintiff's counsel did not provide either Defendant with consent to any direct communication with Plaintiff.

29. At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from Cavalry or SPV.

COMPLAINT - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
**CAVALRY**

30. Plaintiff repeats and re-alleges each and every factual allegation above.

31. Cavalry violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to an initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cavalry violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
**SPV**

32. Plaintiff repeats and re-alleges each and every factual allegation above.

33. Cavalry violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact

COMPLAINT - 5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to an initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

34. SPV by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Cavalry, the debt collector it retained to collect the Debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPV violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e**
**CAVALRY**

35. Plaintiff repeats and re-alleges each and every factual allegation above.

36. Cavalry violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt, including misleading Plaintiff as to the level of attorney involvement in the collections process and threatening legal action, when upon information and good-faith belief, Cavalry's employee had no specific knowledge of the veracity of her statements, and made them for the sole purpose of

COMPLAINT - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

intimidating and coercing Plaintiff into paying the Debt.

37. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Cavalry violated 15 U.S.C. § 1692e;

 b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

 c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

 d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

 e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

 f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e
### SPV

38. Plaintiff repeats and re-alleges each and every factual allegation above.

39. Cavalry violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

40. SPV by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Cavalry, the debt collector it retained to collect the Debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that SPV violated 15 U.S.C. § 1692e;

 b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

 c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 23th day of December, 2012.

s/Jon N. Robbins
Jon N. Robbins (WSB# 28991)
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

COMPLAINT - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com